IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, § § § § | |
| Plaintiff, § § | |
| § | Civil Action No. 3:20-CV-0671-D |
| VS. § § | |
| NADINE DAUM, et al., § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") seeking a declaration that it is not obligated to defend or indemnify its insured, defendant Nadine Daum ("Daum"), in a lawsuit pending in county court, Allstate moves for summary judgment. Daum has failed to respond to the motion. For the reasons that follow, the court grants Allstate's motion and enters judgment declaring that Allstate does not owe Daum a duty to defend or indemnify her in the state court suit.

I

Allstate, an insurer, sues its insured, Daum, seeking a judgment declaring that it has no duty to defend or indemnify Daum in a county court lawsuit brought by Jillian Pierce ("Pierce"), individually and as next friend of A.P., a minor.[1] *See Pierce v. Daum*, No. CC-

---

[1] Pierce, individually and as next friend of A.P., a minor, was also named as a defendant in the instant lawsuit. On July 6, 2020 the court entered an interlocutory default judgment against her.

17-06336-D (Cty. Ct at Law 4, Dallas County, Tex.) (the "Underlying Lawsuit"). In the Underlying Lawsuit, Pierce alleges that her granddaughter, A.P.,[2] was at Daum's residence in Dallas under Daum's care, and, while there, Daum permitted A.P. to ride a bicycle in the alley behind the home. As A.P. was doing so, Jessyca King ("King") drove her motor vehicle in the alley and struck A.P., causing her injuries. As a result of the accident, Pierce, who is A.P.'s legal custodian, filed the Underlying Lawsuit against Daum and King asserting claims for negligence. Relevant to the instant action, Pierce alleges that Daum was negligent because she failed to properly supervise and manage A.P. while she was in Daum's care, custody, and control, and because she allowed A.P., a child, to ride her bicycle in the street and alley.

Daum requested coverage from Allstate under a House & Home Policy (the "Policy") for Pierce's claims against her in the Underlying Lawsuit. Allstate then filed the instant suit, seeking a declaratory judgment that the Policy does not cover the claims made in the Underlying Lawsuit. Allstate now moves for summary judgment. Daum has not responded to Allstate's motion.[3]

---

[2]A.P. is the granddaughter of both Pierce and Daum.

[3]Allstate filed its motion for summary judgment on June 30, 2020. Daum's response was due 21 days after Allstate filed its motion, i.e., on July 21, 2020. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Daum has not responded, and Allstate's motion is ripe for decision.

II

Allstate's summary judgment burden depends on whether it is addressing a claim or defense for which it will have the burden of proof at trial. To be entitled to summary judgment on a matter for which it will have the burden of proof, a party "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). When the summary judgment movant will not have the burden of proof at trial, it need only point the court to the absence of evidence of any essential element of the opposing party's claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Although Daum's failure to respond to Allstate's summary judgment motion does not permit the court to enter a "default" summary judgment, the court may accept as true all of Allstate's undisputed facts. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117

(N.D. Tex. 1990) (Fitzwater, J.). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### III

In Texas,[4] "[t]he duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy." *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002) (citation omitted). "Texas follows the 'eight-corners' rule, under which the court looks only to the third-party plaintiff's pleadings and the provisions of the insurance policy in determining whether an insurer has a duty to defend." *Trammell Crow Residential Co. v. Va. Sur. Co.*, 643 F.Supp.2d 844, 849 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *GuideOne Elite*

---

[4]The Policy provides that "the laws of the state in which the **residence premises** is located shall govern any and all claims or disputes in any way related to this policy." D. App. Ex. A at 22 (bold font omitted). It is undisputed that the residence premises is located in Texas and that Texas law therefore governs.

*Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)). "Neither facts outside the pleadings nor the truth or falsity of the allegations should be considered, and the allegations against the insured should be 'liberally construed in favor of coverage.'" *Id*. (quoting *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308); *see also Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 597 (5th Cir. 2011) ("[W]e may not infer additional facts that are not in the pleadings."). The court must "resolve all doubts regarding the duty to defend in favor of the duty." *Zurich Am. Ins. Co. v. Nokia, Inc*., 268 S.W.3d 487, 491 (Tex. 2008) (citing *King v. Dall. Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)). Under the "eight-corners" rule,

> [i]f the four corners of a petition allege facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, the insurer has a duty to defend. If all the facts alleged in the underlying petition fall outside the scope of coverage, then there is no duty to defend, but we resolve all doubts regarding duty to defend in favor of the duty.

*Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 600 (5th Cir. 2006) (footnotes omitted). "If an insurer has a duty to defend any portion of a suit, the insurer must defend the entire suit." *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.-Tex*., 249 F.3d 389, 395 (5th Cir. 2001).

The insured has the initial burden of showing that a claim is potentially within the scope of policy coverage, and, once the insured's burden is met, "the insurer bears the burden of showing that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of *all* claims, also within the confines of the eight corners rule." *Northfield*

*Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing Tex. Ins. Code Ann. art. 21.58(b) (Vernon Supp. 1997)) (citing Texas cases). "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citations omitted).

IV

The Policy provides that Allstate "will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy." D. App. Ex. A at 36 (bold font omitted).[5] Allstate does not dispute that the Underlying Lawsuit involves allegations of "bodily injury," caused by an "occurrence," as those terms are defined in the Policy, and that, accordingly, the claims in the Underlying Lawsuit fall within the scope of potential coverage. It contends, however, that the "motor vehicle" exclusions in the Policy apply to preclude coverage under the Policy for all of the claims asserted against

---

[5]The court is citing the record in this manner because Allstate did not comply with N.D. Tex. Civ. R. 7.1(i)(1), which provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix," and 7.1(i)(4), which provides, in pertinent part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as "1," and succeeding pages must be numbered sequentially through the last page of the entire appendix (i.e., the numbering system must not re-start with each succeeding document in the appendix)." The documents that Allstate attached as exhibits to its motion should have been included in an appendix that was properly paginated in accordance with the local civil rules.

Daum in the Underlying Lawsuit.[6]

A

The Policy excludes certain losses from coverage. In exclusion 5, under "Family Liability Protection - Coverage X," the Policy provides, in pertinent part,

> We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. We will not apply this exclusion to:
> a)   a motor vehicle in dead storage or used exclusively on an insured premises;
> b)   any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;
> c)   a motorized wheelchair;
> d)   a vehicle used to service an insured premises which is not designed for use on public roads and not subject to motor vehicle registration;
> e)   a golf cart owned by an insured person when used for golfing purposes;
> f)   a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;
> g)   lawn or garden implements under 40 horsepower; or
> h)   bodily injury to a residence employee.

D. App. Ex. A at 37 (bold font omitted). In exclusion 7, the Policy states:

> We do not cover bodily injury or property damage arising out of:
> a)   the negligent supervision by any insured person of any person; or
> b)   any liability statutorily imposed on any insured person;

---

[6]Because Allstate bears the burden of establishing that a Policy exclusion precludes coverage, to be entitled to summary judgment based on the "motor vehicle" exclusions, it must establish beyond peradventure that they apply.

- 7 -

> arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, hovercraft, motorized land vehicle or trailer which is not covered under Section II of this policy.

*Id.* (bold font omitted).

Allstate maintains that the motor vehicle exclusion (i.e. exclusion 5) is valid and enforceable in Texas as well as other jurisdictions; that the vehicle operated by King that struck A.P. and caused her injuries constitutes a motor vehicle within the meaning of the exclusions; that A.P.'s injuries "arose out of" the operation of that vehicle; that it is immaterial that Daum had no connection to the vehicle that produced A.P.'s injuries and that all that is required for the exclusion to apply is that the injuries arise out of the use of *any* motor vehicle; and that "[c]learly and undeniably, A.P.'s injuries which are the basis of the Underlying Lawsuit arose from the use of a motor vehicle, thereby precluding coverage under the [Policy] for the claims made against Daum in that suit." D. Br. 19. Regarding exclusion 7, Allstate contends that this exclusion "solidifies" the lack of coverage by expressly contemplating claims for negligent supervision and clearly stating that such claims are not covered where the injury arises out of the use of a motor vehicle. As noted above, Daum has failed to respond to Allstate's motion.

B

The Policy excludes claims for "bodily injury . . . arising out of the . . . use . . . of any motor vehicle." D. App. Ex. A at 37 (bold font omitted). The plain meaning of this exclusion is that it "excludes coverage for claims that arise out of incidents involving

automobiles." *Colony Ins. Co. v. ACREM, Inc.*, 2011 WL 744744, at *2 (S.D. Tex. Feb. 23, 2011); *see also id.* at *3 (holding, where insurance policy included similarly-worded exclusion, that "the plain, unambiguous language of the Auto Exclusion applies to bodily injury caused by the use of 'any' automobile, whether owned and/or operated by the insured or by an independent third party"); *Colony Ins. Co. v. Robinson*, 2010 WL 3522983, at *2 (S.D. Tex. Sept. 8, 2010) (holding, where insurance policy included similarly-worded "absolute auto exclusion," that "[t]he plain meaning of the absolute auto exclusion is that it excludes coverage for all claims that arise out of an automobile accident," and finding no duty to defend or indemnify in lawsuit brought against insured private school after child was hit crossing the street by vehicle driven by party unrelated to insured.); *Markel Int'l Ins. Co. v. Urban, LLC*, 2008 WL 11276681, at *3 (W.D. Tex. Nov. 20, 2008) (holding that "[t]he insurance policies clearly exclude coverage for bodily injury claims 'arising out of, caused by or contributed to by the . . . use . . . of any auto[,]'" and granting declaratory judgment that auto exclusion precluded coverage for death of patron crossing the street between two bars). In this context, the words "arising out of" "are words of much broader significance than 'caused by,'" and are "ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from,' or in short, 'incident to, or having connection with,' the use of the car." *Red Ball Motor Freight, Inc. v. Emp'rs Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951); *see also Scottsdale Ins. Co. v. Tex. Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999) ("When an exclusion precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and

comprehensive interpretation. A claim need only bear an incidental relationship to the described conduct for the exclusion to apply."); *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) (holding that the phrase "'arise out of' means that there simply is a causal connection or relation, which is interpreted to mean that there is but for causation, though not necessarily direct or proximate causation." (some internal quotation marks and citations omitted)).

Based on the summary judgment evidence that Allstate has produced, and absent any opposition response from Daum, it is undisputed that the claims in the Underlying Lawsuit are for bodily injury (i.e., A.P.'s injuries), and that these injuries arose out of the use of a motor vehicle. *See* D. App. Ex. B at 4 (allegations in Underlying Lawsuit that "[A.P.] rode [her] bicycle in the alley behind [Daum's] residence. . . . At the same time, Defendant King drove her motor vehicle. She traveled on the Sophora Circle Alley at a high rate of speed. She crashed into Minor A.P. causing serious injuries to Minor A.P. . . . As a result of the incident, Minor A.P. suffered serious injuries"). Accordingly, based on the motor vehicle exclusion and the allegations in the Underlying Lawsuit, the court concludes that Allstate has no duty to defend Daum. And because there are no facts that could be proved in the Underlying Lawsuit that would create coverage, the record is sufficient to permit the court to also conclude as a matter of law that Allstate has no duty to indemnify Daum for the claims in the Underlying Lawsuit. *See D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009) ("While analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine, it is well settled that the 'facts actually

established in the underlying suit control the duty to indemnify.'" (quoting *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 656 (Tex. 2009)). In other words, given that A.P.'s injuries indisputably arose out of the use of a motor vehicle, it is impossible that "the . . . case could be transformed by proof of any conceivable set of facts into [an occurrence] covered by the [Policy]." *Id.* at 745.

Accordingly, the court holds that Allstate has established beyond peradventure that it owes Daum no duty to defend or indemnify in the Underlying Lawsuit based on the clear and unambiguous terms of the Policy's "motor vehicle" exclusion.

\* \* \*

For the reasons explained, Allstate's motion for summary judgment is granted, and the court enters judgment declaring that Allstate does not owe Daum a duty to defend or indemnify her in the Underlying Lawsuit.

**SO ORDERED**.

August 20, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 11 -